24CA2252 Peo in Interest of KM 06-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2252
Arapahoe County District Court No. 22JV412
Honorable Victoria Ellen Klingensmith, Judge
Honorable Shay K. Whitaker, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of K.M., Jr., a Child,

and Concerning K.M., Sr.,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Brown and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

---

Ron Carl, County Attorney, Erinn Walz, Assistant County Attorney, Aurora, Colorado, for Appellee

Brittany Radic, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1    K.M., Sr. (father), appeals the judgment adjudicating K.M., Jr. (the child), dependent and neglected.  We affirm.

## I.    Background

¶ 2    The Arapahoe County Department of Human Services filed a petition in dependency or neglect based on concerns about, among other things, substance use and domestic violence.  In 2022, the parties stipulated to defer the adjudication.  Under the stipulation, father admitted that the child was dependent and neglected and agreed to comply with the Department's treatment plan.  After finding that father's admission was knowing, intelligent, and voluntary, the court entered the stipulation as an order.

¶ 3    After various agreements and motions not relevant here, the parties again stipulated to defer the adjudication, this time until September 2023.

¶ 4    In May 2024, the Department moved to revoke father's deferred adjudication and adjudicate the child dependent and neglected as to father.  Without objection, the court set the adjudicatory hearing for June 2024.

¶ 5    On the morning of the adjudicatory hearing, father moved to dismiss the case for lack of jurisdiction because it was set outside

1

the statutory timeframe.  The court denied the motion.  After an evidentiary hearing, the court adjudicated the child dependent and neglected.

## II.  Subject Matter Jurisdiction

¶ 6     We consider and reject father's contention that by exceeding the statutory deadline for deferred adjudications, the juvenile court did not have subject matter jurisdiction to adjudicate the child dependent and neglected.

### A.  Standard of Review

¶ 7     When — as here — the facts are undisputed, the scope of a court's subject matter jurisdiction presents a question of law that we review de novo.  *People in Interest of J.W. v. C.O.*, 2017 CO 105, ¶ 17.  To the extent that father's appeal requires us to interpret statutes, our review is also de novo.  *Id.* at ¶ 18.

### B.  Legal Principles

¶ 8     Subject matter jurisdiction concerns the court's authority to deal with a class of cases.  *Id.* at ¶ 24.  The Children's Code grants a juvenile court exclusive original jurisdiction over proceedings concerning any child who is alleged to be dependent or neglected.  *See* § 19-1-104(1)(b), C.R.S. 2024.  Thus, in a dependency or

neglect proceeding, the court's jurisdiction rests on the status of the child as dependent or neglected. *See J.W.*, ¶ 20.

¶ 9    A child may be found dependent or neglected at an adjudicatory hearing. *People in Interest of S.T.*, 2015 COA 147, ¶ 17. At such a hearing, the juvenile court determines whether the allegations in the petition are supported by a preponderance of the evidence or, alternatively, accepts the parent's admission. *See J.W.*, ¶ 32. The court's acceptance of a parent's admission "that the child is neglected or dependent" provides the "jurisdictional basis for further proceedings." *People in Interest of N.D.V.*, 224 P.3d 410, 416 (Colo. App. 2009).

¶ 10    After finding that the allegations in the petition are supported but before adjudicating the child dependent or neglected, the juvenile court may, upon the consent of all parties, continue the adjudicatory hearing for up to six months. *See* § 19-3-505(5), C.R.S. 2024; *A.M. v. A.C.*, 2013 CO 16, ¶ 12. On review, the court may continue the deferred adjudication for up to an additional six months. § 19-3-505(5)(b). After expiration of the twelve-month period, the "petition shall either be dismissed or sustained." *Id.*; *see also A.M.*, ¶ 12.

## C. Analysis

¶ 11 As we understand it, father asserts that the juvenile court exceeded its jurisdiction by conducting an adjudicatory hearing outside the twelve-month timeframe permitted by section 19-3-505(5)(b).[1]

¶ 12 But the twelve-month statutory timeframe doesn't affect the "class of cases" a juvenile court may adjudicate. *J.W.*, ¶ 24. And a court that has already obtained jurisdiction — as was the case here when the court accepted father's admission that the child was dependent and neglected — is not divested of its subject matter jurisdiction by a later failure to follow statutory requirements. *See id.* at ¶ 2; *see also N.D.V.*, 224 P.3d at 416. Indeed, a division of this court has considered and rejected the contention that a juvenile court acted without jurisdiction when it conducted a revocation of a deferred adjudication hearing outside section 19-3-505(b)'s twelve-month timeframe. *People in Interest of A.W.*, 74 P.3d 497, 498-99 (Colo. App. 2003); *see also People in Interest of T.E.H.*,

---

[1] The Department concedes that the juvenile court held the adjudicatory hearing outside the statutory twelve-month timeframe.

4

168 P.3d 5, 7 (Colo. App. 2007) (holding that the statutory time in which to conduct a termination hearing is not jurisdictional).

¶ 13    To the extent father now contends that we should reverse because the juvenile court committed a nonjurisdictional error by failing to comply with the statutory timeframe, we aren't persuaded. *See A.W.*, 74 P.3d at 499 (holding that the juvenile court's failure to comply with section 19-3-505(5)(b)'s requirements was nonjurisdictional error). To be sure, all agree that the court didn't conduct an adjudicatory hearing within the statutory timeframe. Even so, father doesn't explain — and we don't see — how that error affected his substantial rights. *See People in Interest of R.J.*, 2019 COA 109, ¶ 22 (noting that an error affects a substantial right if it can be said with fair assurance that it substantially influenced the outcome of the case or impaired the basic fairness of the trial itself). After all, the delay afforded father more time to work on his treatment plan and inured to his benefit. *See People in Interest of T.W.*, 2022 COA 88M, ¶ 18 (describing one benefit of deferring an adjudication for parents as the "opportunity to constructively address the issues that gave rise to the petition without the adverse consequences of a formal adjudication on their record"). We

therefore conclude that the court's failure to comply with the twelve-month statutory timeframe was harmless.

¶ 14    Finally, because father did not raise it before the juvenile court, we decline to consider his contention that the court erred by failing to conduct an "adequate review at [the] end of the first deferral period." *See People in Interest of M.B.*, 2020 COA 13, ¶¶ 18-24 (observing that appellate courts only review issues presented to and ruled on by the lower court).

¶ 15    For these reasons, we conclude that the juvenile court had subject matter jurisdiction to adjudicate the child dependent and neglected.

## III.    Disposition

¶ 16    The judgment is affirmed.

JUDGE BROWN and JUDGE SCHOCK concur.